PROB. 12B
(7/93)

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 11 2006

at __10__ o'clock and __12__ min. __A__ M
SUE BEITIA, CLERK

# United States District Court
## for the
### DISTRICT OF HAWAII

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: NICOLE M. IONA             Case Number: CR 03-00538HG-02

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                       Chief U.S. District Judge

Date of Original Sentence: 9/16/2004

Original Offense:   <u>Counts 1 and 2:</u> Distribution of Methamphetamine Within 1,000 Feet of an Elementary School, in violation of 21 U.S.C. §§ 841 (a)(1) and 860(a) and 18 U.S.C. § 2, Class B felonies

Original Sentence:   Twelve (12) months imprisonment as to each of Counts 1 and 2 of the Indictment, all such terms shall be served concurrently, to be followed by concurrent six (6) year terms of supervised release for each Count with the following special conditions: 1) that the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) that the defendant provide the Probation Office access to any requested financial information; 3) that the defendant participate in a mental health program at the discretion and direction of the Probation Office; and 4) without prior written approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted by the map to be attached to the Judgment.

Type of Supervision: Supervised Release     Date Supervision Commenced: 2/18/2005

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

Prob 12B
(7/93)

2

| | |
|---|---|
| General Condition: | That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition). |
| Special Condition No. 1: | That the defendant participate in a substance abuse program, which may include drug and alcohol testing or residential treatment, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment. |

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 2 | The offender failed to submit a truthful and complete written report within the first 5 days of each month for the months of October, November, and December 2005. |
| 2. Standard Condition No. 3 | The offender failed to follow the instructions of the probation officer issued on 6/24/2005 and failed to answer truthfully all inquiries of the probation officer on 12/13/2005. |
| 3. Standard Condition No. 6 | The offender failed to notify the probation officer at least 10 days prior to any change in residence on 12/9/2005. |
| 4. Standard Condition No. 9 | The offender associated with persons convicted of a felony without permission of the probation officer. |

This report serves to outline for the Court the offender's violation conduct while on supervision. The offender's supervision commenced on 2/18/2005. On 2/22/2005, the offender was oriented to the terms and conditions of supervision and acknowledged in writing her understanding of the conditions.

Shortly after the offender started supervision, our office received information that she was associating with Cherlyn Napulou (codefendant), Aileen Seiuli, and Jeannie Bucio. At that time, each of these individuals were on active supervision with our office for felony convictions. When questioned on 5/11/2005, the offender admitted to this association. She was subsequently issued a written letter of reprimand and signed a behavioral contract on 6/24/2005 which, among other stipulations, specifically instructed the offender not to associate with other convicted felons.

On 12/12/2005, this officer was informed by the offender's stepmother that she continued to associate with convicted felons through mail correspondence with inmates incarcerated in various federal institutions throughout the country. On 12/14/2005, the offender's stepmother relinquished the correspondence to this officer.

When confronted on 12/13/2005, the offender initially denied the association and correspondence. Subsequently, on 12/27/2005, the offender admitted to mail correspondence with the incarcerated convicted felons. She was verbally admonished for the continued association and was warned that any future association would result in Court action to include the possible initiation of revocation proceedings.

On 1/5/2006 and 1/6/2006, in an effort to thoroughly address the violation, this officer contacted the federal institutions and informed the case managers of the associations. The case managers addressed the matter with the respective inmates and indicated that future mail correspondence would be more thoroughly scrutinized.

From the onset of supervision, the offender has lacked a stable residence and for that reason was advised on more than one occasion that per Standard Condition No.6, she needed to give this officer advanced notice of any changes in her residential status. On 12/9/2005, this officer was informed by the offender's stepmother that the offender had been asked to leave their residence effective immediately (the offender was residing with her father and stepmother). The offender failed to notify this officer on that date that she had been evicted from her residence.

On 12/13/2005, when questioned by this officer, the offender informed that she was purportedly "living in her car outside of her mother's residence" in Makakilo. On 12/19/2005, this officer attempted to contact the offender on her cellular telephone to discuss her residential status. It was discovered at that time that the offender had cancelled her cellular telephone service. The offender's whereabouts were unknown and she was unaccountable for supervision purposes from 12/19/2005 through 12/26/2005 when the offender contacted this officer with a new cellular telephone number.

With respect to the submission of monthly supervision reports, the offender was specifically questioned on 2/14/2006 about her failure to submit reports for the months of October, November, and December 2005 as required by Standard Condition No. 2. The offender acknowledged not submitting the reports as required. The offender was reminded of her obligation to submit her monthly reports in a timely fashion. During a subsequent conversation on 2/26/2006, the offender was instructed to report to the Probation Office the following day with the delinquent reports. The offender submitted the reports as instructed.

Although the offender's behavior could warrant the revocation of supervision, there are mitigating factors for the Court's consideration at this time. Specifically, the offender has been making steady progress with her mental health treatment as indicated by her therapist, Dr. John Myhre. It should be noted that the offender has

Prob 12B
(7/93)

4

been diagnosed with bi-polar disorder and is currently receiving treatment from Dr. Myhre for this condition. Dr. Myhre reports that the offender attends all scheduled office appointments and has been "therapeutically and medication compliant."

Additionally, the offender has been gainfully employed with the same company since the commencement of supervision. Also to her credit, while on supervision the offender has not incurred any positive drug tests and was successfully discharged from substance abuse treatment on 2/27/2006.

It is for the mitigating factors stated above that we wish to continue to work with the offender in the community. The offender has been warned that future noncompliance will result in the request for adverse Court action. To assist in our monitoring of the offender, we are requesting the proposed modifications to her supervised release. In light of U.S. v. Stephens, a modification to the mandatory drug testing condition (General Condition) will allow for additional drug testing. Considering the offender's history of substance abuse, beginning when she was nine years old, this modification is easily justified. The offender also agreed to amend her substance abuse treatment special condition in order to include updated language.

It is respectfully recommended that the Court modify the conditions of supervision as requested. Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives her right to a hearing and to assistance of counsel. The Federal Public Defender's Office and the U.S. Attorney's Office have been notified of the proposed changes and have expressed no objections.

Respectfully submitted by,

*Timoth M.* for:

SYDNEY L. FLEMING
U.S. Probation Officer


Approved by:

*Timoth M.*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 4/6/2006

Prob 12B
(7/93)

5

**THE COURT ORDERS:**

[X]   The Modification of Conditions as Noted Above
[ ]   Other

HELEN GILLMOR
Chief U.S. District Judge

4·10·06
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions of Probation

      I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

      I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation:

[ X ]    To modify the conditions of supervised release as follows:

General Condition    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).

Special Condition 1    That the defendant participate in a substance abuse program, which may include drug and alcohol testing or residential treatment, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Witness: _Sydney L. Fleming_
SYDNEY L. FLEMING
U.S. Probation Officer

Signed: _[signature]_
NICOLE M. IONA
Supervised Releasee

_4-3-06_
Date