Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL

## SEALED BY ORDER OF THE COURT
### United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 28 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

U.S.A. vs. NICOLE M. IONA          Docket No. CR 03-00538HG-02

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

   COMES NOW SYDNEY L. FLEMING, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of NICOLE M. IONA who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 16th day of September 2004, who fixed the period of supervision at 6 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2.  That the defendant provide the Probation Office access to any requested financial information.

3.  That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4.  Without the prior written approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted by the map to be attached to the Judgment.

**Modification:** On 4/10/2006, as a result of U.S. v. Stephens and because of the offender's need for continued drug testing, the Court modified the conditions of supervision as follows:

General Condition:          That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).

Special Condition No. 1:    That the defendant participate in a substance abuse treatment program, which may include drug and alcohol testing or residential treatment, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

SEALED BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the offender has violated the conditions of her Supervised Release (Probation Form 7A and 12B attached) as follows:

1. The offender failed to submit a truthful and complete written report within the first 5 days of each month for the months of October, November, and December 2005; and the months of June and July 2006, in violation of Standard Condition No. 2.

2. The offender failed to follow the instructions of the probation officer issued on 6/24/2005 and 6/8/2006, and failed to answer truthfully all inquiries of the probation officer on 12/13/2005, in violation of Standard Condition No. 3.

3. The offender failed to notify the probation officer at least 10 days prior to any change in residence on 12/9/2005 and on or about 7/12/2006, in violation of Standard Condition No. 6.

4. The offender associated with persons convicted of a felony without permission of the probation officer on or about 2/24/2005, 3/17/2005, 5/2/2005, 12/7/2005, 12/8/2005, and 12/13/2005, in violation of Standard Condition No. 9.

5. The offender failed to participate in a mental health program at the discretion and direction of the Probation Office in July and August 2006, in violation of Special Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[ ] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] No Action

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on     8/25/2006

SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

---

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 25th day of August, 2006, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Court Judge

Re:  **NICOLE M. IONA**
     **Criminal No. CR 03-00538HG-02**
     **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

The offender pled guilty to Counts 1 and 2: Distribution of Methamphetamine Within 1,000 Feet of an Elementary School, Class B felonies. On 9/16/2004, she was sentenced to twelve (12) months imprisonment as to each of Counts 1 and 2 of the Indictment to be followed by six (6) years of supervised release as to each of Counts 1 and 2. All such terms were ordered to be served concurrently. The special conditions of supervised release are noted on the facesheet of the petition.

The Court modified the conditions of supervision on 4/10/2006, as a result of U.S. v. Stephens and because of the offender's history of substance abuse and need for continued drug testing. At that time, the Court was also notified of the offender's conduct and violations. As Your Honor may recall, although the offender's behavior at that time may have warranted the revocation of supervision, there were several mitigating factors for the Court's consideration. Specifically, the offender had maintained gainful employment with the same company since the commencement of supervision. Also to her credit, she had not incurred any positive drug tests and was successfully discharged from substance abuse treatment on 2/27/2006. Most significantly, the offender, who has been diagnosed with bi-polar disorder, had been making steady progress with her mental health treatment as indicated by her therapist, Dr. John Myhre.

Upon consideration of the mitigating factors, it was believed that the positive strides the offender was making in the areas of employment, sobriety, and mental health would have had a considerable favorable impact on the other areas of supervision in which progress was poor or in which the offender was noncompliant. It was because of these factors that we were willing to allow the offender to remain in the community and bring herself into compliance with the supervision conditions.

However, in recent months, the offender's attitude and motivation with regard to her supervision conditions appears to have diminished. At this time, the offender's whereabouts are unknown and she is unavailable for supervision. The violations are as follows:

**Violation No. 1 - Failure to Submit Written Reports:** On 2/14/2006, the offender was questioned about her failure to submit reports for the months of October, November, and December 2005 as required by Standard Condition No. 2. The offender acknowledged her failure to submit the reports as required. In response, the offender was reminded of her obligation to submit her monthly reports in a timely

Re:  **NICOLE M. IONA**
     **Criminal No. CR 03-00538HG-02**
     **REVOCATION OF SUPERVISED RELEASE - Page 2**

fashion. She was instructed to submit the delinquent reports and to submit all subsequent reports within the first five (5) days of each month as required by the Court.

Although the offender submitted monthly supervision reports for the months between January 2006 and May 2006, all were received late. She failed to submit reports for the months of June and July 2006 and has not provided an explanation for the delinquent reports.

**Violation No. 2 - Failure to Follow the Instructions of the Probation Officer and Failure to Answer Truthfully All Inquiries of the Probation Officer; and Violation No. 4 - Association With Convicted Felons:** Shortly after the offender started supervision, our office received information that she was associating with Cherlyn Napulou (codefendant), Aileen Seiuli, and Jeannie Bucio. At that time, each of these individuals was on active supervision with our office for felony convictions.

On 3/2/2005, when questioned about her association with Cherlyn Napulou, the offender admitted to associating with Napulou on 2/24/2005 at Napulou's job site. On that date, the offender was instructed that she was prohibited from associating with Napulou and any other convicted felons.

Despite this instruction, the offender continued her association with convicted felons. Specifically, on or about 5/2/2005, she had a telephone conversation with Aileen Seiuli while in the company of Jeannie Bucio. On 5/11/2005, the offender admitted to the associations. She was subsequently issued a written letter of reprimand and signed a behavioral contract on 6/24/2005 which, among other stipulations, specifically instructed the offender not to associate with other convicted felons.

On 12/12/2005, this officer was informed by the offender's stepmother that she continued to associate with convicted felons through mail correspondence with inmates incarcerated in various federal institutions throughout the country. On 12/14/2005, the offender's stepmother relinquished the correspondence to this officer. The correspondence was post marked with the following dates: 3/17/2005, 12/7/2005, 12/8/2005, and 12/13/2005.

When confronted on 12/13/2005, the offender initially denied the association and correspondence. Subsequently, on 12/27/2005, the offender admitted to mail correspondence with the incarcerated convicted felons. She was verbally admonished for the continued association and was warned that any future association would result in Court action to include the possible initiation of revocation proceedings.

Re:  **NICOLE M. IONA**
**Criminal No. CR 03-00538HG-02**
**REVOCATION OF SUPERVISED RELEASE - Page 3**

On 6/8/2006, during an office appointment, the offender was provided with written instructions to return for a scheduled office appointment on 6/19/2006. The offender failed to attend the appointment and did not contact this officer with an explanation. This officer has not seen or heard from the offender since 6/8/2006. Her whereabouts are currently unknown and she is unavailable for supervision.

**Violation No. 3 - Failure to Notify the Probation Officer at Least 10 Days Prior to Any Change in Residence:** From the onset of supervision, the offender has lacked a stable residence and for that reason was advised on more than one occasion that per Standard Condition No.6, she needed to give this officer advanced notice of any changes in her residential status. On 12/9/2005, this officer was informed by the offender's stepmother that the offender had been asked to leave their residence effective immediately (the offender was residing with her father and stepmother). The offender failed to notify this officer on that date that she had been evicted from her residence.

On 12/13/2005, when questioned by this officer, the offender informed that she was purportedly "living in her car outside of her mother's residence" in Makakilo. On 12/19/2005, this officer attempted to contact the offender on her cellular telephone to discuss her residential status. It was discovered at that time that the offender had cancelled her cellular telephone service. The offender's whereabouts were unknown and she was unaccountable for supervision purposes from 12/19/2005 through 12/26/2005 when the offender contacted this officer with a new cellular telephone number.

On 7/12/2006, this officer received a voice message from Nadine Ripley, the offender's "hanai" sister with whom she had been residing since 2/25/2006. Ms. Ripley advised that she recently had to have the offender "removed from the residence." On 8/12/2006, in a follow up conversation, Ms. Ripley further informed this officer that the offender had to be removed from the residence due to her "bad attitude" and her "comings and goings." Ms. Ripley also stated that she believes the offender is using and dealing methamphetamine again as she "has lost a lot of weight recently," is reportedly living in a car on Democrat Street, and frequenting Club 77 (a bar in the area of Democrat Street out of which the offender used to deal methamphetamine).

**Violation No. 5 - Failure to Participate in a Mental health Treatment Program:** The offender has been diagnosed with bi-polar disorder and is currently receiving treatment from Dr. Myhre for this condition. On 8/22/2006, Dr. Myhre reported that the offender has failed to attend bi-weekly appointments since the end of June 2006.

Re: **NICOLE M. IONA**
   **Criminal No. CR 03-00538HG-02**
   **REVOCATION OF SUPERVISED RELEASE - Page 4**

Despite being afforded the opportunity to remain in the community and address her significant mental health issues, the offender continues to exercise poor decision-making skills and poor judgment as evidenced by the aforementioned violations. The offender had been warned that future noncompliance would result in the request for adverse Court action. Based upon her conduct and violations, we respectfully request that the Court issue a No Bail warrant for the offender's appearance before the Court to show cause why supervision should not be revoked.

Respectfully submitted by,

_Sydney L. Fleming_
SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

_Timothy M. Jenkins_
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

SLF/tcp

Re:   **NICOLE M. IONA**
      **Criminal No. CR 03-00538HG-02**
      **REVOCATION OF SUPERVISED RELEASE - Page 5**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:  
Address:

Docket No. CR 03-00538HG-02

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of SIX (6) YEARS commencing upon release from confinement (2/18/05).

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✓]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)   The defendant shall support his or her dependents and meet other family responsibilities;

(5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*(1)   That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

*(2)   That the defendant provide the Probation Office access to any requested financial information.*

*(special conditions continued on next page)*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   2/22/05
NICOLE M. IONA                      1/12/05
Defendant                           Date

_____   1/12/05
SYDNEY L. FLEMING          Date
U.S. Probation Officer
Sydney X. Fleming          2/22/05

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:  IONA, Nicole M.
     Docket No. CR 03-00538HG-02

Conditions of Probation and Supervised Release
**(continued from previous page)**

(3)  That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

(4)  Without the prior written approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    2/22/05
         NICOLE M. IONA                     1/12/05
         Defendant                          Date

         _____    1/12/05
         SYDNEY L. FLEMING                  Date
         U.S. Probation Officer

         Sydney L. Fleming                  2/22/05

PROB. 12B
(7/93)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 1 2006

at _10_ o'clock and _12_ min _A_ M
SUE BEITIA, CLERK

RECEIVED
U.S. PROBATION OFFICE
HONOLULU, HAWAII

'06 APR 11 A11:00

# United States District Court

## for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: NICOLE M. IONA              Case Number: CR 03-00538HG-02

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                       Chief U.S. District Judge

Date of Original Sentence: 9/16/2004

Original Offense:   Counts 1 and 2:  Distribution of Methamphetamine Within
                    1,000 Feet of an Elementary School, in violation of 21 U.S.C.
                    §§ 841 (a)(1) and 860(a) and 18 U.S.C. § 2, Class B felonies

Original Sentence:  Twelve (12) months imprisonment as to each of Counts 1 and 2 of
                    the Indictment, all such terms shall be served concurrently, to be
                    followed by concurrent six (6) year terms of supervised release for
                    each Count with the following special conditions:  1) that the
                    defendant participate in a substance abuse program, which may
                    include drug testing at the discretion and direction of the Probation
                    Office; 2) that the defendant provide the Probation Office access to
                    any requested financial information; 3) that the defendant
                    participate in a mental health program at the discretion and
                    direction of the Probation Office; and 4) without prior written
                    approval of the Probation Office, the defendant shall not enter the
                    "Operation Weed and Seed" target area which is bordered by
                    Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway,
                    North King Street, Dillingham Boulevard, and Kokea Street, as
                    depicted by the map to be attached to the Judgment.

Type of Supervision: Supervised Release    Date Supervision Commenced: 2/18/2005

### PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

Prob 12B
(7/93)

2

| | |
|---|---|
| General Condition: | That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition). |
| Special Condition No. 1: | That the defendant participate in a substance abuse program, which may include drug and alcohol testing or residential treatment, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment. |

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 2 | The offender failed to submit a truthful and complete written report within the first 5 days of each month for the months of October, November, and December 2005. |
| 2. Standard Condition No. 3 | The offender failed to follow the instructions of the probation officer issued on 6/24/2005 and failed to answer truthfully all inquiries of the probation officer on 12/13/2005. |
| 3. Standard Condition No. 6 | The offender failed to notify the probation officer at least 10 days prior to any change in residence on 12/9/2005. |
| 4. Standard Condition No. 9 | The offender associated with persons convicted of a felony without permission of the probation officer. |

This report serves to outline for the Court the offender's violation conduct while on supervision. The offender's supervision commenced on 2/18/2005. On 2/22/2005, the offender was oriented to the terms and conditions of supervision and acknowledged in writing her understanding of the conditions.

Shortly after the offender started supervision, our office received information that she was associating with Cherlyn Napulou (codefendant), Aileen Seiuli, and Jeannie Bucio. At that time, each of these individuals were on active supervision with our office for felony convictions. When questioned on 5/11/2005, the offender admitted to this association. She was subsequently issued a written letter of reprimand and signed a behavioral contract on 6/24/2005 which, among other stipulations, specifically instructed the offender not to associate with other convicted felons.

Prob 12B
(7/93)

3

On 12/12/2005, this officer was informed by the offender's stepmother that she continued to associate with convicted felons through mail correspondence with inmates incarcerated in various federal institutions throughout the country. On 12/14/2005, the offender's stepmother relinquished the correspondence to this officer.

When confronted on 12/13/2005, the offender initially denied the association and correspondence. Subsequently, on 12/27/2005, the offender admitted to mail correspondence with the incarcerated convicted felons. She was verbally admonished for the continued association and was warned that any future association would result in Court action to include the possible initiation of revocation proceedings.

On 1/5/2006 and 1/6/2006, in an effort to thoroughly address the violation, this officer contacted the federal institutions and informed the case managers of the associations. The case managers addressed the matter with the respective inmates and indicated that future mail correspondence would be more thoroughly scrutinized.

From the onset of supervision, the offender has lacked a stable residence and for that reason was advised on more than one occasion that per Standard Condition No.6, she needed to give this officer advanced notice of any changes in her residential status. On 12/9/2005, this officer was informed by the offender's stepmother that the offender had been asked to leave their residence effective immediately (the offender was residing with her father and stepmother). The offender failed to notify this officer on that date that she had been evicted from her residence.

On 12/13/2005, when questioned by this officer, the offender informed that she was purportedly "living in her car outside of her mother's residence" in Makakilo. On 12/19/2005, this officer attempted to contact the offender on her cellular telephone to discuss her residential status. It was discovered at that time that the offender had cancelled her cellular telephone service. The offender's whereabouts were unknown and she was unaccountable for supervision purposes from 12/19/2005 through 12/26/2005 when the offender contacted this officer with a new cellular telephone number.

With respect to the submission of monthly supervision reports, the offender was specifically questioned on 2/14/2006 about her failure to submit reports for the months of October, November, and December 2005 as required by Standard Condition No. 2. The offender acknowledged not submitting the reports as required. The offender was reminded of her obligation to submit her monthly reports in a timely fashion. During a subsequent conversation on 2/26/2006, the offender was instructed to report to the Probation Office the following day with the delinquent reports. The offender submitted the reports as instructed.

Although the offender's behavior could warrant the revocation of supervision, there are mitigating factors for the Court's consideration at this time. Specifically, the offender has been making steady progress with her mental health treatment as indicated by her therapist, Dr. John Myhre. It should be noted that the offender has

Prob 12B
(7/93)

4

been diagnosed with bi-polar disorder and is currently receiving treatment from Dr. Myhre for this condition. Dr. Myhre reports that the offender attends all scheduled office appointments and has been "therapeutically and medication compliant."

Additionally, the offender has been gainfully employed with the same company since the commencement of supervision. Also to her credit, while on supervision the offender has not incurred any positive drug tests and was successfully discharged from substance abuse treatment on 2/27/2006.

It is for the mitigating factors stated above that we wish to continue to work with the offender in the community. The offender has been warned that future noncompliance will result in the request for adverse Court action. To assist in our monitoring of the offender, we are requesting the proposed modifications to her supervised release. In light of U.S. v. Stephens, a modification to the mandatory drug testing condition (General Condition) will allow for additional drug testing. Considering the offender's history of substance abuse, beginning when she was nine years old, this modification is easily justified. The offender also agreed to amend her substance abuse treatment special condition in order to include updated language.

It is respectfully recommended that the Court modify the conditions of supervision as requested. Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives her right to a hearing and to assistance of counsel. The Federal Public Defender's Office and the U.S. Attorney's Office have been notified of the proposed changes and have expressed no objections.

Respectfully submitted by,

*Timoth M. [signature]* for:

SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

*Timoth M. [signature]*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 4/6/2006

Prob 12B
(7/93)

5

## THE COURT ORDERS:

[X]  The Modification of Conditions as Noted Above
[ ]  Other

_____
HELEN GILLMOR
Chief U.S. District Judge

_____4·10·06_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation:

[ X ]   To modify the conditions of supervised release as follows:

General Condition   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).

Special Condition 1   That the defendant participate in a substance abuse program, which may include drug and alcohol testing or residential treatment, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Witness: *Sydney L. Fleming*
SYDNEY L. FLEMING
U.S. Probation Officer

Signed: *Nicole M. Iona*
NICOLE M. IONA
Supervised Releasee

4-3-06
Date